NO. 07-03-0333-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 3, 2004



______________________________




ESTHER LOUISE MARRIS, AKA


ESTHER LOUISE HAWKINS,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 46424-B; HON. JOHN BOARD, PRESIDING



_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Esther Louise Marris, aka Esther Louise Hawkins, appeals from a
judgment convicting her of murder. After a jury trial in which appellant admitted killing the
victim but claimed it was self defense, she was found guilty and sentenced to 50 years
confinement. 

 Appointed counsel has now moved to withdraw after filing a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that
she has searched the record and found no arguable grounds for reversal. The brief shows
that appellant was informed of her right to review the record and file her own brief. So too
did we inform appellant that any brief she cared to file had to be filed by February 16, 2004. 
That deadline was extended several times with the last extension requiring appellant's brief
to be filed by July 21, 2004. To date, appellant has neither filed a pro se response nor
moved for an additional extension. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed 
three possible grounds for appeal. First, counsel discusses the sufficiency of the evidence
of murder. Appellant was charged with intentionally and knowingly causing the death of
John Mestas by stabbing him with a knife. See Tex. Pen. Code Ann. §19.02(b)(1) (Vernon
2003). The evidence shows, based on appellant's own testimony, that appellant was
arguing with the victim, picked up a knife, stabbed the victim twice, and he subsequently
died as a result of those wounds. Appellant also testified that immediately prior to the
stabbing, 1) appellant slapped the deceased, 2) he told her she would not do so again, 3)
she shoved him and asked him "what are you going to do," 4) he told her he would "fuck
[her] up," blocked her way, and reached for a drawer where she knew a knife was kept, 5) 
she shoved the drawer closed, and 6) she grabbed her own knife off the bed, opened it up
with both hands, and stabbed him twice. She admitted that at the time she stabbed him,
the drawer with the knife in it was not open and the deceased had nothing in his hand. 
Appellant's own testimony is sufficient to sustain the conviction. 

 Second, counsel discussed whether appellant was entitled to an instruction on self-defense. A defendant is entitled to an instruction on self-defense if the issue is raised by
the evidence, regardless of whether the evidence is strong, weak, unimpeached, or
contradicted and regardless of what the trial court thinks of the credibility of the defense. 
Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). A person is justified in using
force against another when and to the degree she reasonably believes the force is
immediately necessary to protect herself against the other's use or attempted use of
unlawful force. Tex. Pen. Code Ann. §9.31(a) (Vernon 2003). The evidence illustrated that
appellant and the deceased had spent time drinking together for a number of years and
often quarreled and had struck each other in the past when they had been drinking. Both
appellant and the deceased had been drinking that day and there was testimony that the
deceased was intoxicated. Appellant testified that at the moment she grabbed her knife,
she was scared and was afraid the victim was going to get his knife out of the drawer. 
Further, when the deceased blocked her way and moved toward her, she panicked. Even
if it could be said that this evidence was not sufficient to warrant the instruction, appellant
received an instruction based on her theory of the case which was ultimately rejected by
the jury. There was no reversible error. 

 Third, counsel discusses whether appellant was entitled to an instruction at the
punishment phase on sudden passion. Counsel concludes the instruction was properly
given even though appellant's own testimony "precluded the argument." There was
evidence that the stabbing occurred suddenly but that the drinking and arguing between
appellant and the victim had been going on for several hours. If the jury found appellant
caused the death while under the influence of sudden passion, it could have assessed a
punishment of confinement for not more than 20 years nor less than two years. Tex. Pen.
Code Ann. §19.02(d) (Vernon 2003) (stating that if the defendant proves sudden passion
by a preponderance of the evidence, the offense is a felony of the second degree).

The jury obviously did not believe that sudden passion had been proven. Even if the
evidence did not support the instruction, we find no reversible error on the part of the trial
court. 

 We have also conducted our own review of the record pursuant to Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991) and have found no arguable issue warranting
reversal.

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed.


 Per Curiam

Do not publish.



 that appellant had not paid or made
arrangements to pay for the preparation of the record. Further, the district clerk noted that
no court-appointed attorney had been assigned to the case. On July 6, 2009, this Court
granted the district clerk’s request for extension and directed appellant to certify whether
he had complied with Texas Rule of Appellate Procedure 35.3(a)(2) by July 27, 2009. 
Further, appellant was notified that the failure to comply with this deadline may result in the
appeal being abated and the cause being remanded to the trial court for further
proceedings. See Tex. R. App. P. 37.3(a)(2). To date, appellant has failed to comply with
this Court’s directive. 
          Accordingly, this appeal is abated and the cause is remanded to the trial court. Id. 
Upon remand, the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute
this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent
and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if
appellant desires to prosecute this appeal, whether appellant’s present counsel should be
replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant’s appeal if appellant does not desire to
prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued. If the trial court determines that the present attorney for
appellant should be replaced, the court should cause the clerk of this court to be furnished
the name, address, and State Bar of Texas identification number of the newly-appointed
or newly-retained attorney. 
          The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, and recommendations and cause them to
be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this Court. Id. In the absence of a request for
extension of time from the trial court, the supplemental clerk’s record, supplemental
reporter’s record, and any additional proceeding records, including any orders, findings,
conclusions, and recommendations, are to be sent so as to be received by the Clerk of this
Court not later than September 11, 2009.


  
 
                                                                           Per Curiam
Do not publish.